**FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

CHRISTOPHER L. WATTS,
Plaintiff-Appellee,

v.

J. MCKINNEY,
Defendant-Appellant,

and

S. J. STEINBERG,
Defendant.

No. 03-16665

D.C. No.
CV-98-03328-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Yvonne Illston, District Judge, Presiding

Submitted November 3, 2004*
San Francisco, California

Filed January 10, 2005

Before: Betty B. Fletcher, John T. Noonan, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge Noonan

_____

*The panel unanimously finds this case suitable for submission without
oral argument pursuant to Fed. R. App. P. 34(a)(2).

293

294

## COUNSEL

Jennifer G. Perkell, Deputy Attorney General, San Francisco, California, for the defendant-appellant.

Christopher Watts, in pro per.

---

## OPINION

NOONAN, Circuit Judge:

In his handwritten declaration under oath in his opposition as plaintiff to defendant John McKinney's motion for summary judgment, Christopher Watts stated the following:

> During the course of October 10, 1995, the plaintiff was escorted from his cell in punitive segregation and was interrogated by defendant McKinney and other officers at Pelican Bay State Prison (Here after P.B.S.P.). During this interrogation plaintiff stated he did not know of any officers bringing in drugs or knives into the prison and plaintiff repeatedly stated he wanted his attorney present during this interrogation. Defendant McKinney repeatedly threatened plaintiff and his family for not cooperating and stated plaintiff will be sorry. Defendant McKinney immediately escorted plaintiff to a holding cell, and without warning slammed plaintiff face into the wall causing a nose bleed, and swollen eye, and kicked plaintiff in his penis and several times in his back while plaintiff was lying on the cell floor with cuffs on and with his hands behind his back. During these events, plaintiff did not resist or threaten the defendant McKinney in any fashion or break any prison rules.

295

In the light of this declaration, the district court held that a triable issue of fact was raised, i.e., whether McKinney had applied force "maliciously and sadistically to cause harm" in violation of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 7 (1992). As to McKinney's claim of qualified immunity, the district court followed Saucier v. Katz, 533 U.S. 194 (2001). The act attributed to McKinney violated a clearly established constitutional right "of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1981).

McKinney, represented by the attorney general of California, appeals, contending that Watts' declaration if accepted as true states no violation of the Eighth Amendment and that "a reasonable officer in defendant McKinney's position would not necessarily have believed" that his conduct was unlawful. McKinney blunts Watts' precise delineation of the assault upon him by describing it as a kick in "the groin."

A lawyer must be zealous on behalf of his client. But zeal needs to be tempered by commonsense. The Supreme Court in Hudson proscribed the use of force for the malicious and sadistic purpose of causing harm. Watts' declaration, describing the vengeful acts of a frustrated investigator, identifies the unconstitutional purpose and deeds. To suppose that any reasonable person, let alone a trained prison officer, would not know that kicking a helpless prisoner's genitals was cruel and unusual conduct is beyond belief. The Supreme Court did not need to create a catalogue of all the acts by which cruel and sadistic purpose to harm another would be manifest; but if it had, such act would be near the top of the list. The case must go to trial.

AFFIRMED.

296